# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| EARL BREWSTER, ] | |
| ] | |
| Plaintiff, ] | |
| ] | |
| vs. ] | Case No: |
| ] | |
| MASTEC NETWORK SOLLUTIONS, ] | JURY DEMAND |
| LLC, and MASTEC INC., ] | |
| ] | |
| Defendants. | |

## COMPLAINT

Comes now the Plaintiff, Earl Brewster, by and through counsel and for cause of action will respectfully show to the Court as follows:

### JURISDICTION and VENUE

1. This action involves the application of the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 621, *et seq.*, and the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-401, *et seq.*

2. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because they are so related to the federal claims that they form part of the same controversy.

3. The claims asserted in this action arose in Rutherford County, Murfreesboro, Tennessee; therefore, proper venue for this action lies within the Middle District of Tennessee pursuant to 28 U.S.C. § 1391.

## ADMINISTRATIVE PREREQUISITES

4. Plaintiff has fulfilled all conditions precedent to the institution of this action under 42 U.S.C.A. § 2000e. A Notice of Right to Sue was issued on September 24, 2020, and received by Plaintiff on September 28, 2020, a true and correct copy of which is attached hereto as Exhibit A.

## PARTIES

5. Earl Brewster ("Plaintiff") is an adult male individual and citizen of the United States who resides in Davidson County, Nashville, Tennessee.

6. At all relevant times, Plaintiff was an employee of Defendant d MasTec Network Solutions, a division of Defendant MasTec, Inc. (collectively referred to as "MasTec" or "Defendants") within the meaning of the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 621, *et seq*. and the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-401, *et seq*.

7. Defendant MasTec is a for-profit corporation or similar business entity and regularly conducts business at 1975 Joe B Jackson Pkwy., Murfreesboro, TN 37127.

8. At all relevant times, Defendant engaged in commerce or in an industry or activity affecting commerce and employed twenty (20) or more employees for each working day during each of twenty (20) or more calendar workweeks in the current or preceding calendar year pursuant to 29 U.S.C. § 621, *et seq*., the Age Discrimination in Employment Act.

## FACTUAL ALLEGATIONS

9. On November 5, 2008, Plaintiff was hired to work for Nsoro, which has since become MasTec Network Solutions, LLC ("MNS"), a division of MasTec, Inc.

10. Plaintiff was hired as a Quality and Safety Manager for the Tennessee and Kentucky markets.

11. As a Quality and Safety Manager, Mr. Brewster was responsible for ensuring that contracting parties met the safety, quality, and production requirements of their contractual agreements.

12. Plaintiff was one of the first quality managers to pave the way for AT&T's current quality standards.

13. Plaintiff successfully maintained and managed MasTec's Tennessee and Kentucky regions, and at times would manage the Oklahoma and Arkansas regions.

14. During his employment, Plaintiff was never subjected to discipline.

15. Plaintiff conducted more training classes than any other quality manager for the company.

16. In 2019 alone, Plaintiff conducted over forty (40) training classes.

17. Plaintiff's 2019 performance evaluation rates Mr. Brewster as meeting expectations.

18. On February 12, 2020, Plaintiff received notice that he was terminated due to a "reduction in force" ("RIF") in the company.

19. This reduction in force also included five (5) other Quality Managers over the age of forty (40).

20. When Plaintiff inquired if the decision to terminate was based on financial reasons, he was informed it was not.

21. Plaintiff was informed the decision to terminate him was not based on his work performance.

22. MasTec's alleged business reason for the reduction in force was "the national re-organization in alignment with the new workflow tool and VQA scheduling rollout in 2020."

23. Despite this reasoning, MasTec continued to hire employees during the time of the reduction in force.

24. Despite being the longest tenured and most experienced Quality Manager, Plaintiff was not considered for any other positions prior to his termination.

25. On February 12, 2020, along with informing Plaintiff of his termination, MasTec provided a separation agreement for Mr. Brewster to sign to receive severance.

26. A condition of this separation agreement was a release from liability for any legal actions Plaintiff may bring under the ADEA.

27. The February 12, 2020, separation agreement included a provision titled "Older Workers Benefit Protection Act Compliance", giving Plaintiff a twenty-one (21) day period to make a decision to sign the agreement.

28. However, pursuant to 29 C.F.R. § 1625(e)(1)(ii), Mr. Brewster should have been provided 45 days to consider the agreement since it was being offered as an exit incentive or other employment termination program offered to a group or class of employees.

29. Additionally, the OWBPA Compliance provision did not comply with the informational requirements outlined by 29 C.F.R. § 1625.22(f).

30. Specifically, the OWBPA Compliance provision failed to identify:

   (i) Any class, unit, or group of individual cover by such program, any eligibility factors for such program, and any time limits applicable to such program;

   and,

(ii.) The job titles and ages of all individuals eligible or selected for the program, and the ages of all individuals in the same job classification or organizational unit who are not eligible or selected for the program.

31. Defendant willfully failed to comply with the above requirements of the OWBPA to avoid alerting Plaintiff, and others, of potential age discrimination.

32. After being notified of his termination, MasTec informed Plaintiff he could ***apply*** for two (2) alternative positions with the company.

33. Neither position was offered to Plaintiff prior to his termination.

34. One position would require Plaintiff to relocate to Chicago.

35. The other position was a construction manager position in Murfreesboro, TN.

36. Plaintiff expressed interest in both positions but requested the salary information for each position.

37. Plaintiff never received a response to this salary inquiry.

38. The position in Chicago was filled before Plaintiff could obtain the salary information necessary to make an informed decision.

39. The Chicago position was filled by an individual who was substantially younger than Plaintiff.

40. Upon information and belief, the construction manager position in Murfreesboro, TN was filled by an individual who was substantially younger than Plaintiff.

41. Plaintiff's original position was filled by Dwight Pearson.

42. Mr. Pearson is substantially younger than Plaintiff and under the age of forty (40).

### COUNT I – AGE DISCRIMINATION
### (29 U.S.C. § 623(a)(1) & T.C.A. § 4-21-401, et. seq.)

43. Plaintiff hereby re-alleges the foregoing paragraphs as though fully set forth herein.

44. Plaintiff asserts Defendant discriminated against him and interfered with his rights in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. 621, *et seq.* and T.C.A. § 4-21-401, *et seq.*

45. At said dates and times as set forth herein, Plaintiff was over the age of forty (40).

46. Plaintiff received disparate treatment as compared to younger employees who were similarly situated.

47. Defendant violated the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* and the Tennessee Human Rights Act by wrongfully discriminating against Plaintiff on the basis of his age.

48. There is a causal connection between Plaintiff's age and his discharge.

49. At all relevant times set forth herein:

   (a) Plaintiff was over forty years of age and was qualified to perform the required job duties.

   (b) Plaintiff was discharged;

   (c) Plaintiff's position was filled or replaced by a substantially younger person;

   (d) Age was the determining factor in the Defendant's decision to discriminate against the Plaintiff and to discharge Plaintiff; and

   (e) Defendant did not have a legitimate, non-discriminatory reason for discharging Plaintiff.

50. As a direct and proximate result of the actions of Defendant set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

**WHEREFORE**, Plaintiff requests this court enter judgment in favor of the Plaintiff and against Defendant, for:

(1) all amounts of wages Plaintiff would have received but for Defendant's willful violation of his rights, front pay (or reinstatement), liquidated damages, and all other relief allowed by the ADEA and/or THRA;

(2) compensatory damages pursuant to the Tennessee Human Rights Act;

(3) all reasonable costs and attorney's fees pursuant to the ADEA and THRA;

(4) prejudgment and post judgment interest;

(5) any such other legal relief as may be appropriate or to which Plaintiff may be entitled under federal or state law.

Respectfully Submitted,

**THE EMPLOYMENT AND CONSUMER LAW GROUP**

*/s/ G. BRANDON HALL*
**JONATHAN A. STREET, BPR No. 021712**
**G. BRANDON HALL, BPR No. 034027**
1720 West End Ave., Ste 402
Nashville, TN 37203
(615) 850-0632

*Attorneys for Plaintiff*